ANN WALSH BRADLEY, J.
¶ 57. {concurring.) I agree that the license of Attorney Pablo Carranza should be revoked. I also agree that appropriate restitution should be ordered. I write separately because I part ways with the majority on the issue of restitution.
¶ 58. The majority in essence is simply following the recommendation of the OLR on the issue of restitution. The recommendation, however, makes little sense to me. I think that restitution should he ordered to all of Attorney Carranza's victims and not merely to two.
¶ 59. The OLR recommends and the majority orders restitution in the Matter of A.E. The majority notes that A.E. paid $500 in advanced fees. It appropriately orders $500 in restitution, even though Attorney Carranza has not yet prepared a final accounting and there was no written fee agreement.
¶ 60. In the second case, Matter of C.S.S., the majority appropriately orders $300 in restitution paid *542 to the Wisconsin Lawyers' Fund for Client Protection because the Fund has already approved payment of $300 to the victim.
¶ 61. So far, so good. It is the majority's failure to order restitution in some of the remaining cases that causes me to pause. And what is the reason for the majority's denial of the requested restitution? "[B]e-cause Attorney Carranza failed to prepare a final accounting." Per curiam, ¶ 9; see also ¶ 16 (Matter of C.S.); ¶ 18 (Matter of R.A.); ¶ 21 (Matter of A.A.)] ¶ 25 (Matter of G.S.); and ¶ 28 (Matter of K.M.).
¶ 62. It appears inconsistent to me that in the first case, Matter of A.E., restitution is ordered even though no final accounting has been submitted. Yet in other cases restitution is denied because no final accounting has been submitted.
¶ 63. In the first case Attorney Carranza apparently has agreed that restitution should be paid. Yet, a policy that rests a restitution decision on the acquiescence of the disciplined lawyer is flawed. Further, a policy that rests a restitution decision on whether the disciplined lawyer has yet prepared a final accounting is subject to all sorts of mischief. There is little incentive to do so, where, as here, the discipline is revocation.
¶ 64. I would order restitution to all of the above victims of Attorney Carranza's unethical behavior. To refrain from doing so puts the disciplined lawyer in the driver's seat. It depends on the disciplined attorney's acquiescence or his inclination to get around to preparing a final accounting. Accordingly, I respectfully concur.